(No. 3339—

EMILE A. COTE, ET AL., Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1939.*

WM. H. FISCHER, for claimants.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Twenty-seven claimants join in presenting this claim and allege in substance that they were for various periods set forth in the complaint, between January 1, 1934 and December 30, 1938, duly appointed official Shorthand Reporters in Circuit, Superior and City Courts of Illinois, whose salaries were payable by the State.

That on the 21st day of June, 1933 the General Assembly of the State of Illinois enacted a law providing for their appointment and fixing the salaries at the sum of Three Thousand Six Hundred ($3,600.00) Dollars each per annum, said Act to take effect on January 1, 1934.

That from and after January 1, 1934 salaries have been paid to the respective claimants and to Robert M. Ramsey, now deceased, for whom Jennie E. Ramsey, Executrix, joins herein, on the basis of Three Thousand Two Hundred Forty ($3,240.00) Dollars per annum, and that there remains due and owing to each of claimants, the sum of Thirty ($30.00) Dollars per month for the respective periods shown in said complaint, twenty-one of said claimants seeking $1,800.00 each, one seeking $210.00, one $1,470.00, another $643.00, another $1,530.00, one $1,710.00 and two other $1,600.00 each.

The claimants base their contention on the averment that they were entitled to salary at the rate of $3,600.00 per year and that they were paid on the basis of $3,240.00 per year.

The Attorney General has filed a motion to dismiss said complaint for the reason that the correct salary to which the respective claimants were entitled during said period was in fact $3,240.00 per annum, and as the complaint shows that they have each received the full amount of their salary on the basis of said sum of $3,240.00 per annum, said complaint should be dismissed.

Prior to the 58th General Assembly, Section 156 of Chapter 37 being Section 2 of ''An Act to Authorize the Judges of Circuit, Superior and City Courts to Appoint Shorthand Reporters'' etc., in force June 1, 1929, contained a provision that such reporters in Circuit and Superior Courts and in City Courts in cities having a population of fifty thousand or more should receive out of the State Treasury of this State, an annual salary of $3,600.00, payable monthly on the warrant of the Auditor of Public Accounts, out of any money in the State Treasury not otherwise appropriated. Said Act further provided that each reporter in City Courts in cities of less than fifty thousand population should receive and be paid out of the County Treasury $10.00 per diem for each day his court is in session. A further provision in said Act then recited that the presiding judge in such City Court should furnish to such Reporter *at the close of each term of Court a Certificate showing the amount of per diem due him.*

Two amendments were made to said Section 2 by the 58th General Assembly. One amendment originated in the Senate and one in the House. Under the terms of Senate Bill No. 98 the provision that the Judge's Certificate should be furnished to the Reporter *at the close of each term of Court,* was changed to read that the presiding judge in such City Court (in Cities of less than fifty thousand population) shall furnish to such reporter *"on the first day of each calendar month,"* a certificate showing the amount of per diem due him, etc. This was the only material change made by said bill.

The other amendment was under House Bill No. 19 and the only change made by it was the substitution of the figures "3240" for the previous figures of "3600," so that said Act should read, "Said reporters * * * shall receive and be paid out of the State Treasury * * * *an annual salary of $3,240.00.*

Senate Bill No. 98 was introduced January 4, 1933,

Senate Bill No. 98 was passed May 24, 1933,

Senate Bill No. 98 was approved June 21, 1933, and by its terms became effective January 1, 1934. (Sess. Laws 1933, p. 461.)

House Bill No. 19 was introduced January 10, 1933,

House Bill No. 19 was passed June 2, 1933,

House Bill No. 19 was approved June 3, 1933, and by an emergency clause became effective immediately. (Sess. Laws 1933, p. 463.)

Each of said bills repeated the language in full of Section 2 as it then read with the exception of the specific change proposed, and both were therefore in compliance with the provisions of *Section 3* of *Article 4* of the *Constitution* of *Illinois* of *1870* which provides,

"No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new Act."

The Senate Bill was introduced first and was passed first. The House Bill was approved first and by its emergency clause became effective immediately, while the amendment under Senate Bill No. 98 did not become effective until January 1, 1934, but both were passed at the same session of the 58th General Assembly of 1933.

To determine the effect of more than one amendment to a particular section at the same session, all such amendments must be read together and the changes made by each shall be given effect unless the changes are inconsistent.

"In construing an Act of the legislature, the title of the Act, the objects to be accomplished, the other provisions found in connection with those under special consideration, the provisions and arrangement of the statutes which were amended, the mode in which the amendment was introduced, as shown by the journals and records, and the history of the legislation, may all be considered."

*People* vs. *Lloyd*, 304 Ill. 23.

The presumption is that different Acts of the legislature, passed at the same session thereof, are imbued by the same spirit and actuated by the same policy, and that one was not intended to repeal or destroy another, unless so expressed. Statutes enacted at the same session of the legislature should receive a construction if possible which will give effect to each. Each is supposed to speak the mind of the same legislature, and the words used in each should be qualified and restricted, if necessary, in their construction and effect, so as to give validity and effect to every other Act passed at the same session.

In the case of *Hutchinson* vs. *Self,* objections had been filed to the rendition of judgment for delinquent taxes levied for the payment of interest on railroad aid bonds issued by the town of Waverly. It appeared that the Act incorporating the railroad company in question became a law on April 23, 1867, and the town of Waverly became incorporated by a special charter two days later, April 25, 1867. In considering the powers of the town of Waverly, the court said:

"The Act incorporating the railroad company and the one incorporating the town were passed at the same session. The former made provision for conferring this power (to issue bonds in aid of railroads) on towns thereafter to be incorporated as well as those already incorporated, and when the latter Act was passed incorporating the town said Act became clothed with the additional power as fully as if it had been expressly embraced in its charter. The two Acts must be construed together, and when so construed there is no repugnancy between them."

*Hutchinson* vs. *Self*, 153 Ill. 542.

When one considers the provisions of Senate Bill No. 98 and House Bill No. 19 above mentioned and the fact that they were being concurrently considered in the House and the Senate respectively at the same time, it becomes apparent that the intention of the legislature was to amend the statute relative to the payment of official court reporters in two respects and in two respects only, i. e. that for those who were serving in City Courts in cities of less than fifty thousand population the presiding judge of such court should issue a

certificate to the reporter on the first day of each calendar month, showing the per diem due such reporter, instead of at the close of each term as previously fixed by statute, and that the salary of court reporters in Circuit and Superior Courts and in City Courts of cities of over fifty thousand population, that the annual salary should be reduced from $3,600.00 to $3,240.00. To make such latter change definitely effective before January 1, 1934, an emergency clause was attached to said House Bill No. 19 and it became effective on approval by the Governor on June 3, 1933.

As the complaint herein shows upon its face that claimants have each received their respective salaries in full on the basis of the statutory amount of $3,240.00 per year, such claim fails to set forth any ground for further award, and the motion of the Attorney General should be allowed.

The motion to dismiss the claim is allowed and the claim as to each of said claimants is dismissed.